**FILED**

SEP - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

John T. Mitchell
9875 Hope Acres Road
White Plains, MD 20695

     v.

Bruce James
Public Printer
U.S. Government Printing Office
732 North Capitol Street, NW
Washington, D.C. 20401

CASE NUMBER   1:06CV01562

JUDGE: Richard W. Roberts

DECK TYPE: Employment Discrimination

DATE STAMP: 09/06/2006

## COMPLAINT

I did not make the certification for a promotion at G.P.O. because they did not accept my one-year supervisory and/or administrative experience for the exact same position with the exact same criteria/requirements that I made the certification for in previous positions.

## FACTS

1. The facts of this case are:

In their decision, they say there are no material facts in this case. Yes, there are. First, they say I didn't have one year of Administrative duties. With 10 years as Chief Umpire and then 3 years coordinator of the renovation of an historic church which was built back in 1763, I qualify for that criteria. Also, I was a foreman working at Rock Bottom Brewery and the U.S. Air Arena, and also was a third class petty officer in the United States Navy (which Ms. Kaptur claims was only equivalent to a clerk).

Also, I made the certification for seven (7) positions for Foreman, Assistant Foreman and Building Manager over the years which also states on the application that you need one (1) year of administrative experience. It was the 8th position that I didn't even make the certification. But how is it that the same person doing the evaluation, which also needs one (1) year of administrative experience, let me make the certification and top seven (7) of the positions using the same application except changing the announcement number.

Next, I ask why didn't the person doing the evaluation check the person who got the job? There are things in his application that should have been looked at and questioned.

Next, why didn't the Personnel Office have some of my previous applications for the position that needed one (1) year of administrative experience?  The Personnel Office seemed to have lost my previous applications showing my one (1) year administrative experience in which I made the certification for seven (7) previous positions.  I have paperwork proving that I made the certification for seven (7) previous positions.

2.  The relief I want the court to order is:

     **  Damages in the amount of $650,000 and all back pay.


                                            John T. Mitchell
                                            9875 Hope Acres Road
                                            White Plains, MD  20695
                                            Phone: 301-932-1422

# GPO

**U.S. GOVERNMENT
PRINTING OFFICE**
KEEPING AMERICA INFORMED

**Nadine L. Elzy**
Director, Equal Employment Opportunity Office

**June 27, 2006**

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Mr. John Mitchell
9875 Hope Acres Road
White Plains, MD   20695

|  |  |
|---|---|
| Complaint of: | John Mitchell and Bruce R. James, Public Printer |
| GPO Case No: | 04-10 |
| EEOC No: | 100-2005-00410X |

Dear Mr. Mitchell:

Under the authority vested in me by the rules and regulations of the Government Printing Office and the Equal Employment Opportunity Commission, I am issuing a final order on the above referenced complaint.

On June 6, 2006, the Administrative Judge (AJ) rendered a decision on your complaint without a hearing, in accordance with 29 C.F.R. §1614.109(g). The decision concluded that summary judgment in favor of the Agency was appropriate. I have reviewed the decision and have determined that the Government Printing Office will fully implement the decision of the AJ.

**PAGE 2**

This constitutes the final action of the Government Printing
Office on this complaint.  A copy of the AJ's decision and
your appeal rights are enclosed.

Sincerely,

NADINE L. ELZY
Director, Equal Employment Opportunity

Enclosures (AJ's Decision, Appeal Rights, and EEOC Form 573)

cc:  The Honorable Gladys O. Collazo
     Administrative Judge
     Equal Employment Opportunity Commission
     Washington Field Office
     1801 L Street, NW, Suite 100
     Washington, D.C.  20507

     Jennifer R. Seifert
     Assistant General Counsel
     Office of General Counsel
     U.S. Government Printing Office
     732 North Capitol Street, NW
     Washington, DC  20401

**U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**WASHINGTON FIELD OFFICE**
**1801 L Street, N.W., Suite 100**
**Washington, D.C. 20507-1002**

|  |  |  |
|---|---|---|
| John T. Mitchell,<br>          Complainant,<br><br>v.<br><br>Bruce R. James, Public Printer,<br> U.S. Government Printing Office,<br>          Agency. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | EEOC No. 100-2005-00410X<br>Agency No. GPO 04-10 |

## ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision dated June 6, 2006, judgment in the above-captioned matter is hereby entered. A Notice To The Parties explaining their appeal rights is attached to the Decision.

This office is also enclosing a copy of the hearing record (documents generated during the hearing process) for the agency's EEO office only. This office will hold the report of investigation for sixty days, during which time the agency may arrange for its retrieval, by calling Tanya Stanfield at (202) 419-0716. If we do not hear from the agency within sixty days, we will destroy our copy of these materials.

For timeliness purposes, it shall be presumed that the parties received the foregoing Decision within five (5) calendar days after the date they were sent *via* first class mail.

It is so ORDERED.

Date:  JUN 1 9 2006

Gladys O. Collazo
Administrative Judge

TO:

Nadine Elzy, Director
Equal Employment Opportunity/LERS
Government Printing Office
North Capitol & H Streets, N.W.
Mail Stop EO
Washington, D.C. 20401

(Decision Only)

John Mitchell
9875 Hope Acres Road
White Plains, MD 20695

Jennifer R. Seifert
Fax (202) 512-0076
(by facsimile transmission only)

**U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**WASHINGTON FIELD OFFICE**
**1801 L Street, N.W., Suite 100**
**Washington, D.C. 20507-1002**

| | |
|---|---|
| John T. Mitchell, <br>     Complainant, <br><br> v. <br><br> Bruce R. James, Public Printer, <br> U.S. Government Printing Office, <br>     Agency. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     EEOC No. 100-2005-00410X <br> Agency No. GPO 04-10 |

## DECISION

This Decision is issued without a hearing, pursuant to 29 C.F.R. § 1614.109(g)(3) (2005).

The Complainant has satisfied the procedural prerequisites for a hearing, but because there is no issue of material fact or credibility, the evidence does not warrant one. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). [1]

---

[1] A moving party is entitled to summary judgment if there is no genuine issue as to any material fact, and there is no issue as to credibility. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable fact-finder could not return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

Under the tripartite proof scheme for disparate treatment cases established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), an employer can "obtain a summary judgment in one of two ways. He can demonstrate that the plaintiff's proffered evidence fails to establish a *prima facie* case, or, if it does, the defendant can present evidence that provides a legitimate nondiscriminatory explanation about which the plaintiff does not create a factual dispute." *Mitchell v. Data General Corp.*, 12 F.3rd 1310, 1316 (4th Cir. 1993). In other words, summary judgment against Complainant is appropriate if he fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 250.

On July 5, 2005, the Agency filed its Motion For Summary Judgment. After I granted an extension of time to submit his reply, Complainant filed his Motion for Summary Judgment on November 14, 2005.[2] On November 17, 2006, the Agency filed its Reply to the Complainant's Motion for Summary Judgment. Upon consideration of the entire record before me (Report of Investigation and the parties' submissions), and taking the facts in the light most favorable to the Complainant, I GRANT summary judgment in favor of the Agency.

## CLAIM

Whether Complainant was discriminated against on the basis of his age (DOB 11/28/46), when he was not selected for the position of Foreperson, KA-2805-00, under vacancy announcement 03-212.

## DISCUSSION

### 1. Undisputed facts

The undisputed facts in this case show that Complainant has been an Electrician with the Agency since 1975. On November 18, 2003, Complainant applied for the vacancy of Foreperson. Kristina Kaptur (DOB 12/26/79), Human Capital Generalist, Human Capital Office,

---

When opposing a properly supported motion for summary judgment, a party must respond with *specific facts* showing that there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson*, 477 U.S. at 250. An opposing party may not rest upon mere allegations or denials in the pleadings or upon conclusory statements in affidavits; rather, he must go beyond the pleadings and support his contentions with proper documentary evidence. *Celotex Corp.*, 477 U.S. at 324. To defeat summary judgment, a party must show that there is sufficient material evidence supporting the claimed factual dispute to require a fact finder to resolve the parties' differing versions of the truth at trial. *Anderson*, 477 U.S. at 248-49.

[2]I did not receive Complainant's Motion for Summary Judgment and did not become aware of his submission until the Agency filed its Reply to the Complainant's Motion. On November 18, 2005, the Agency faxed me a copy of Complainant's Motion.

2

evaluated his application. She found Complainant to be not qualified for the position, and his application was therefore, not referred to the selecting official. On December 16, 2003, Complainant was notified that he was not referred to the selecting official because he did not meet the one year supervisory/administrative experience required for the position. Kaptur referred Patrick Argentierre (DOB 3/20/48), as a qualified candidate to the selecting official.

Thereafter, Complainant protested to Kaptur that he had supervisory experience and that she had made a mistake in evaluating his application. Kaptur, then consulted with her supervisor, Ginger Thomas (DOB 1/24/58), Chief, Employment Branch. Thomas concurred with Kaptur's conclusion that Complainant's application did not show that he possessed the one-year supervisory/administrative experience required for the position, and his application was not referred to the selecting official.

2. Substantive Law

In the absence of direct evidence, Complainant initially must establish, by a preponderance of the evidence, at least a *prima facie* case of discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981); *McDonnell Douglas Corp.*, 411 U.S. at 802. For a case involving different treatment regarding terms and conditions of employment, a Complainant may do so by proving that as a member of a protected group, he was treated differently than similarly situated persons not of his protected group. *Furnco Constr. Co. v. Waters*, 438 U.S. 567 (1978). Complainant may also show a *prima facie* case by setting forth sufficient evidence to create an inference of discrimination. *Burdine*, 450 U.S. at 254 n.7; *McDonnell Douglas*, 411 U.S. at 802-03. With respect to age discrimination, Complainant may present a *prima facie* case by

3

presenting evidence that he was treated differently from someone significantly younger. *O'Connor v. Consolidated Coin Caterers Inc.*, 517 U.S. 308, 313 (1996).

If Complainant establishes a *prima facie* case of discrimination, the burden then is on the Agency to articulate a legitimate, nondiscriminatory reason for its challenged actions. *Burdine*, 450 U.S. at 253-54; *McDonnell Douglas*, 411 U.S. at 802. If the Agency does so, the *prima facie* inference drops from the case. *Hicks*, 509 U.S. at 507, 510-11. Complainant then has to prove by a preponderance of the evidence that the proffered explanation is a pretext for unlawful discrimination. *Hicks*, 509 U.S. at 511; *Burdine*, 450 U.S. at 252-53; *McDonnell Douglas*, 411 U.S. at 804. Complainant always retains the ultimate burden of persuading the trier of fact that the agency unlawfully discriminated against him. *Hicks*, 509 U.S. at 511; *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).

### 3. Conclusions of Law

Complainant failed to show a *prima facie* case of age discrimination because he did not make the best qualified list for the position. *See Holtcamp v. HUD*, 1993 WL 1505859 (E.E.O.C. 1993) (appellant failed to establish a *prima facie* case because she did not make the best qualified list for the position); *Terry v. U.S.*, 2000 WL 204522 (S.D.N.Y. 2000) (Complainant could not demonstrate that the basis for non-selection was discriminatory because he did not make the "best qualified list").

Furthermore, assuming *arguendo* that Complainant presented a *prima facie* case of age discrimination, I find that the Agency articulated a legitimate, nondiscriminatory reason for its actions which Complainant failed to rebut. Kaptur stated that in response to the criteria of "[a]bility to supervise and coordinate the activities of the Electrical Branch," Complainant, who

4

has never held a supervisory position with the Agency, mentioned a variety of other week-end work jobs, which included having worked on electrical crews at the MCI Center and Little League chief umpire. He, however, did not specify dates or hours worked, duties performed, number of subordinates, supervisory references, or any other information that would lead to the conclusion that he met the required one-year (2087 hours) of supervisory/administrative duties required of the position. Kaptur stated that without such information she was unable to quantify the level and amount of time Complainant performed supervisory/administrative duties. Thus, she concluded that Complainant did not meet the requirements for the position and did not refer him to the selecting.

Complainant did not rebut the Agency's assertion that his application failed to provide the necessary information to show that he met the minimum one-year supervisory/administrative experience for the position. Complainant, in turn, argued that he had been previously found qualified for Foreperson and other higher level positions. Complainant, however, failed to show that even assuming that he was previously found qualified, the requirements for those positions were the same as this one. Kaptur stated that each vacancy has its own requirements. Most important, Complainant failed to present any evidence that Kaptur did not find him qualified for the position because of his age. Aside from the fact that Complainant was 56 years old at the time of his nonreferral, there is not one scintilla of evidence showing that age discrimination motivated Kaptur's evaluation of his application. Furthermore, Kaptur's referral of a candidate a mere year and a half younger than Complainant undermines any inference of age bias.

## CONCLUSION

For the reasons discussed above, I find that Complainant failed to present a prima facie case of age discrimination because he was not on the best qualified list. Furthermore, assuming that he did, he failed to rebut the Agency's legitimate, nondiscriminatory reason for finding him not qualified for the position: that his application did not provide information from which to conclude that he possessed the required one-year supervisory/administrative experience. Complainant's bald and unsubstantiated claims of age discrimination fail. Therefore, the Agency is entitled to summary judgment in its favor.

Date: June 6, 2006

_Gladys O. Collazo_
Gladys O. Collazo
Administrative Judge

## NOTICE TO THE PARTIES

### *TO THE AGENCY:*

Within forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision. You should also send a copy of your final order to the Administrative Judge.

Your final order must contain a notice of the complainant's right to appeal to the Office of Federal Operations, the right to file a civil action in a federal district court, the name of the proper defendant in any such lawsuit, the right to request the appointment of counsel and waiver of court costs or fees, and the applicable time limits for such appeal or lawsuit. A copy of EEOC Form 573 (Notice of Appeal/Petition) must be attached to your final order.

If your final order does not fully implement this decision, you must simultaneously file an appeal with the Office of Federal Operations in accordance with 29 C.F.R. 1614.403, and append a copy of your appeal to your final order. *See* EEOC Management Directive 110, November 9, 1999, Appendix O. You must also comply with the Interim Relief regulation set forth at 29 C.F.R. § 1614.505.

*TO THE COMPLAINANT:*

You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R. § 1614.110(a). From the time you receive the agency's final order, you will have thirty (30) days to file an appeal. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

Do not send your appeal to the Administrative Judge. Your appeal must be filed with the Office of Federal Operations at the address set forth below, and you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations. In or attached to your appeal to the Office of Federal Operations, you must certify the date and method by which you sent a copy of your appeal to the agency.

*WHERE TO FILE AN APPEAL:*

All appeals to the Commission must be filed by mail, hand delivery or facsimile.

BY MAIL:
Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848
Washington, D.C. 20036

BY PERSONAL DELIVERY:
Director, Office of Federal Operations
Equal Employment Opportunity Commission
1801 L Street, NW
Washington, D.C. 20507

BY FACSIMILE:
Number: (202) 663-7022

*Facsimile transmissions of more than ten (10) pages will not be accepted.*

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. § 1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency. If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant

knew or should have known of the alleged noncompliance. The agency shall resolve the matter and respond to the complainant in writing. If the agency has not responded to the complainant in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action. The complainant may file such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination. A copy of the appeal must be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.

GOVERNMENT PRINTING OFFICE

REPORT OF INVESTIGATION

## I. DESCRIPTION OF COMPLAINT

Name of Complainant:
John Mitchell
GPO Case #04-10

Title and Grade of Complainant's Position
Electrician
KA-2805

Name and Location of Agency and Unit
Involved in Complaint:
Electrical Branch
Government Printing Office
Facilities Management Department
732 North Capitol St. NW
Washington, D.C.

Date of Alleged Discrimination:
December 16, 2003

Kind of Discrimination Alleged:
Discrimination based on age (over 40)

Nature of Action, Decision, or
Condition Giving Rise to Complaint:
Discrimination based on age (over 40)
under Vacancy Announcement #03-212

## II. DESCRIPTION OF INVESTIGATION

Identity of Investigator:
Joy Savage
Lee Kramer Associates, L.L.C.
1776 K Street, NW Suite 800
Washington, D.C. 20006-2304

Date Report of Investigation
Submitted to Agency:
January 10, 2005

Place of Investigation:
Washington, DC and
Hollywood, Florida areas

Dates of Investigation:
October 29 – December 8, 2004

1

Method of Investigation:                    On-site and followup telephone
interviews

## III. DESCRIPTION OF BASIS AND ISSUES OF COMPLAINT

The Agency accepted as the issue for investigation the following allegation:

> Whether Complainant was discriminated against based on his age (57, DOB: November 28, 1946) when he was not referred for consideration to the position of Foreperson, KA-2805-00, advertised under Vacancy Announcement Number 03-212.

Individual cases of disparate treatment: McDonnell Douglas v. Green, 411 U.S. 792 (1973); Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981); St. Mary's Honor Center v. Hicks, 113 S. Ct. 2742 (1993).


## IV. SUMMARY

### Background

John Mitchell (age 57, DOB: November 28, 1946), the Complainant, has worked for the Government Printing Office (GPO) since 1975 as an Electrician in the Electrical Branch. He stated that his date of birth is November 28, 1946 and that he is 57 years old. (Exhibit 5)

The Complainant stated that he has worked in the Electrical Branch on day as well as evening shifts, and has had the opportunity to lead crews or oversee the work of others on many occasions. He also stated that he has outside experience leading crews of 10-15 people that he has put together to carry out various projects relating to construction and renovations. He also stated that he was a Chief Petty Officer handling electrician work while with the Navy, and that he has been Chief Umpire in a Little League. As the Chief Umpire, he recruited and trained umpires, oversees them in their assignments, and ensures coverage for all of the games where umpires are needed. (Exhibit 5)

The Complainant stated that his first line supervisor is currently Mike Pitzer. He stated that Mr. Pitzer was the selectee on the announcement that is the subject of this investigation. The selection occurred in late 2003. He also stated that before Mr. Pitzer, Mr. Packer was the Foreperson. (Exhibit 5)

The Complainant was notified in writing on December 16, 2003 that he was not referred for that position because he was found not to meet the requirement of 1 year of supervisory/administrative experience as stated in the vacancy announcement. (Exhibit 5)

2

The Complainant met with an EEO Counselor on January 14, 2004. The counseling was completed on January 21, 2004 and the Complainant was issued a Notice of Right to File a formal complaint that he received on February 11, 2004 (Exhibit 3). He filed a formal complaint on February 25, 2004. (Exhibit 2)

## Complainant's Allegations

The Complainant stated that he applied for the Foreperson KA-2805 position late in 2003 but was not referred because the Human Capital office rated him as ineligible, based on a lack of supervisory/administrative experience. He stated that he has applied for similar positions, and also the Facility Manager position. He stated that his application was normally sent to the Selecting Official because he was rated in the top 7 (best qualified) candidates, although he was never selected. He stated that he believes that he has been passed over for promotions at least 25 times.

The Complainant also stated that he believes that once an individual is selected as a Leader, there is an automatic progression first to Assistant Foreman and then to Foreman. He stated that he believes that his former Foreman in the Electrical Branch, Freddie Packet, had little or no supervisory experience when he was put first into the Assistant Foreman position in Planning and Scheduling, and the moved to the Assistant Foreman position in Electrical, after which he became the Foreman of the Electrical Branch. The Complainant also stated that there have been a number of less senior Electricians who have been moved into management positions, while he has remained a non-supervisor, in spite of his seniority. (Exhibit 5 and attachments)

The Complainant stated that Ms. Kaptur from Human Capital called him at home in the middle of December and told him that he did not have any supervisory experience, and thus was not referred for the Foreperson position. He alleges that she told him that he did not have any business putting in for the job, because he was not qualified. He stated that he came to see Ms. Kaptur in her office the same day, and regrets that he called her "little Miss Dummy" when asking the receptionist in Human Capital to see her. He stated that he intended to ask her to put into writing what she had told him orally when she called him at home. He stated that he remained standing while talking to her, but stayed only a few minutes. He stated that she told him that she could not find where he had been referred for Foreperson or Assistant Foreperson announcements. (Exhibit 5)

As relief, the Complainant stated that he wants the Foreperson position for which he was not selected, with restitution for back pay, lost TSP, etc.; he also wants $2,000,000 in damages. As an alternative, he would accept 80% of what a Foreperson on his current evening shift would make, if GPO would allow him to retire. (Exhibit 5)

The Complainant was given the opportunity to provide rebuttals to the management statements (Exhibit 8).

## **Management Responses**

Kristina Kaptur (age, 24, DOB: December 26, 1979), is the specialist in Human Capital who handled Vacancy Announcement #03-212. She rated him as ineligible for the Foreperson, Electrical Branch position. She stated in her affidavit that she only consulted with her supervisor, Ginger Thomas, and another senior specialist, Debbie Turner when deciding to rate the Complainant as ineligible based on lack of supervisory/administrative experience. She stated that she referred 4 out of the 5 applicants for the position. (Exhibit 6)

Ms. Kaptur stated that the GPO Merit Promotion Plan allows for the requirement of 1 year of supervisory/administrative experience for positions such as the Foreperson in the Electrical Branch. She stated that when she evaluates applications for this requirement, she looks at the dates of employment experience, the number of hours worked per week, number of subordinates, level of supervisory responsibility, description of duties, etc. when deciding whether a candidate meets that experience requirement. She stated that examples of creditable "administrative work" are signing timecards and approving leave, taking disciplinary actions, assigning work, reviewing performance, etc. (Exhibit 6)

Ms. Kaptur stated that, when she reviewed the Complainant's application, she did not find that he had held any positions for which he gave a description that would enable her to determine that he had 2087 hours (1 year) of supervisory/administrative experience. She stated that she was aware that he had worked for GPO for a number of years, but that he had always been an Electrician, rather than a Leader, Assistant Foreman, Foreman, or other type of managerial position. She also stated that he did not provide dates, number of hours of supervisory-type experience, or other information that would enable her to give him credit for the year that was needed under the announcement requirements. She stated that there was no way that she could quantify his experience for that requirement. (Exhibit 6)

Ms. Kaptur stated that the Foreperson for the Electrical Branch has responsibility for the Electrical Branch, which has 2 subordinate supervisors and 20-30 Electricians working on 2 shifts. She stated that, since the GPO Merit Promotion Plan in use at the time did not say that supervisory experience needed to be in a directly related field, and so they would have accepted other supervisory experience if there had been a way to quantify it. She also stated that she previously rated him as eligible for Electrician Lead and Assistant Foreperson positions. (Exhibit 6)

Ms. Kaptur stated that the Complainant came to see her when he received a notice from her that he was not referred for the Foreperson position. She stated that he was so insistent that he was qualified that she told him that she would consult with her supervisor and Ms. Turner to check whether they agreed with her decision. She stated that she called him at home after she consulted with Ms. Thomas and Ms. Turner because she was aware that he wanted a quick response.

Ms. Kaptur stated that the Complainant became very angry when she told him again that he was not qualified, and came to see her in her office. She stated that he called her "little Miss Dummy" and spoke so loudly and angrily that her supervisor and coworkers came to see her to check and make sure that she was OK after talking to him. She stated that Ms.

4

Thomas and Ms. Turner concurred in her original decision that he did not have the 1 year of supervisory/administrative experience. She stated that she also told him that it might be a problem that his application did not provide specific enough information relating to how much supervisory experience he actually had. She also stated that she would never tell an employee that he or she should not apply for a position. (Exhibit 6)

Ginger Thomas (age, 46 DOB: January 24, 1958), was Ms. Kaptur's supervisor at the time that the events covered by the investigation occurred. In her affidavit, Ms. Thomas stated that she did not have much involvement in handling the announcement that was the subject of this investigation except that Ms. Kaptur consulted with her about her decision to not rate the Complainant as eligible because of a lack of supervisory experience. She stated that, after she talked to Ms. Kaptur, she concurred in Ms. Kaptur's decision. (Exhibit 7)

Ms. Thomas stated that they reviewed the situation after the Complainant complained about his not being referred for the announcement. She noted that the required qualifications for each announcement may be different, even when the title is the same. Ms. Thomas stated that she only talked to Ms. Kaptur when reviewing the qualifications decision made by Ms. Kaptur. (Exhibit 7)

Ms. Thomas stated that, in the past, Human Capital staff has reviewed a chart which equated military service ranks with civilian grade levels. She stated that she believes that they used that chart and determined that enlisted positions in the military equated to clerical level work or positions at the 5/7 level at most. She stated that enlisted service would not equate to managerial work, as would be required for the Foreperson position. (Exhibit 7)

### Other documents reviewed:

Exhibit 9 is the notice that Ms. Kaptur sent to the Complainant in which she explained in writing what she told him orally about why she did not determine that he had the year of supervisory experience. A copy of the original notice to him that he was not referred is included in the exhibit.

Exhibit 10 is information from the vacancy announcement case file. The vacancy announcement (Exhibit 10.b.) requires candidates to have completed "at least 4 years of responsible experience in the division of the vacancy and have served at least 1 year in an administrative or supervisory capacity."

Exhibit 10.a. is the SF-52, Request for Personnel Action that initiated the announcement process.. It noted that the position was a replacement for Frederick Packett. Exhibit 10.c. is Documentation of Eligibility. The form shows that the Complainant was rated as ineligible, while 4 other candidates were qualified for the position.

Exhibit 10.d. is applications for all of those who applied for the Foreperson position. Candidates other than the Selectee and the Complainant were given credit for supervisory

experience as follows: (1) June 1978 – present, Leader; (2) 1991-1996, Foreman; (4) 1974-78, Foreman.

Exhibit 10.d-3. is the Complainant's application. There is an evaluation form which indicates that his experience was not of the Foreperson level, and that all of his "supervisory" work was from weekend or volunteer work.

The Complainant's supplemental statement submitted with his application stated that he worked as a team with his coworkers and workers under his supervision. He also stated that he worked right along with the people under his direction to guide others in completing assigned work. His statement describes various volunteer activities in which he was directing the work of others in trades work. His statement also included a paragraph in which he stated that he was a 3rd class petty officer in the Navy as an electrician, and that he had several people under him to train and direct in their work.

Exhibit 10.d-5. is the application of the Selectee, Michael Pitzer. Mr. Pitzer's application was rated as having the following experience: Assistant Foreperson, May 2002 to May 2003; Leader, April 1999 to May 2002.

Exhibit 12 is the GPO's response to the Investigator's document request. Exhibit 12.a. is an organization chart for the Electrical Branch. Exhibit 12.b. is a note from Vicki A. Barber that Human Capital does not have an official position description on file for the Foreperson position in the Electrical Branch.

Exhibit 12.c. is the GPO's Federal Merit Promotion Program. Plan #12, Crafts and Craft Related Uprate Supervisory Positions, covers Foreman level positions and requires that candidates have the experience stated in the vacancy announcement above.

## V. SURVEY OF GENERAL ENVIRONMENT

Exhibit 13 shows the profile of employees in the Electrical Branch. The ages of the employees are as follows: The age of the selectee for the Foreperson is 47. The Complainant's age is 58. Other Branch employees' ages are: 29, 34, 34, 34, 37, 37, 38, 39, 39, 40, 41, 41, 42, 43, 44, 44, 45, 45, 45, 45, 46, 46, 50, 51, 52, 52, 53, 54, 55, 56, 56, 56, 56, 59, 59, 59, 61, 63, 63.

## VI. DESCRIPTION OF EXHIBITS

Exhibit 1:    Letter of authority to investigate, dated October 22, 2004. (Source: EEO Office)

Exhibit 2:    Letter of acceptance of discrimination complaint to Complainant from Juanita M. Flores, Chief, Counseling and Complaints Processing, dated June 9, 2004. (Source: EEO Complaint File)

6

Exhibit 3:    Formal Complaint of Discrimination, dated February 25, 2004. (Source: EEO Complaint File)

Exhibit 4:    EEO Counselor's Report of Shirley Stewart, Notice of Right to File a Discrimination Complaint, dated February 11, 2004.    (Source: EEO Complaint File)

Exhibit 5:    Affidavit of John Mitchell (age 57, DOB: November 28, 1946), dated November 29, 2004 with attachments:
a. Announcements for which the Complainant made the best qualified list.
b. Letter of reference from electrical company owner.
c. Current seniority list provided by the Complainant.
d. Other documentation relating to announcements for which the Complainant was referred or found to be eligible.

Exhibit 6:    Affidavit of Kristina Kaptur (age, 24, DOB: December 26, 1979), dated November 23, 2004; Addendum to Affidavit of Kristina Kaptur, dated December 2, 2004.

Exhibit 7:    Affidavit of Ginger Thomas (age, 46, DOB: January 24, 1958), dated January 7, 2005.

Exhibit 8:    Transmittals to Mr. Mitchell of management affidavits for rebuttal comments, dated December 2, 2004; rebuttals submitted by Mr. Mitchell for the statements of Ginger Thomas and Kristina Kaptur.

Exhibit 9:    Memorandum from Kristina Kaptur to John Mitchell, dated December 16, 2003, Subject: Foreperson Qualification Determination.    (Source: EEO Complaint File)

Exhibit 10:    Vacancy Announcement #03-212 case file excerpts.    (Source:    EEO Complaint File)

a. Request for Personnel Action, SF-52
b. Vacancy announcement
c. Documentation of Eligibility for all applicants
d. Applications for all candidates with Documentation of Qualifications Determinations

Exhibit 11:    List of announcements for which Mr. Mitchell applied during the period February 2, 2000 to May 22, 2002.    (Source:    Agency Response to Document Request)

Exhibit 12:    Agency Response to Document Request:
a. Engineering Service Organizational Chart.

7

    b. Memorandum from Human Capital Manager to EEO Assistant, dated December 1, 2004.

    c. Government Printing Office Federal Merit Promotion Program, dated September 10, 1991.

Exhibit 13:    Workforce profile of Electrical Branch employees with dates of birth. (Source: Agency Response to Document Request).

8